## Chambers v. Resources International, Inc.

*James C. Blackman*, for plaintiff.
*Mark M. Ristad and Phillip Friedman*, for intervenors.

WOLFE, *P.J.*, September 12, 1985—For disposition is the petition of Larry R. Slagle and Robert L. Almendinger, t/d/b/a Slagele & Almendinger, intervenors, petition to strike and/or open judgment of decree of this court entered on April 17, 1985.

## ISSUE

The sole issue is if the state trial court has jurisdiction over a certain oil and gas mineral lease being situate on property known as the Murray Hill Tract 255 in Brokenstraw Township of Warren County and the judical authority to resolve the respective proprietary interests of the parties.

## STATEMENT OF FACTS

1. On February 22, 1985, Joseph W. Chambers, Sr., (Chambers) filed a petition for preliminary injunction alleging his financial interest in Tract 255 of Brokenstraw Township of Warren County (subject premises) was jeopardized, alleging he invested $450,000 for the drilling of oil wells on the subject premises as a limited investment partner.

2. In Chambers' motion for preliminary injunction he alleges defendant, Resources International,

Ltd., (Resources) did not, according to an agreement between Chamber and Resources, properly secure Chambers for the $450,000; and on the contrary, Resources entered into a mortgage agreement with intervenors which has the effect of circumventing the investment interest of Chambers in that Resources is producing oil from the wells located on the subject premises and Resources had neglected and refused to recognize Chambers' claim.

On April 17, 1985, the court held an evidentiary hearing following which the court's preliminary injunction against Resources and third parties, issued on February 22, 1985, was made absolute; and the court directed the subject premises to be under the supervision of James C. Blackman, Esq., for further production and development to protect and secure the interest of Chambers.

4. On May 3, 1985, intervenors filed a petition to intervene in the court's final decree of April 17, 1985, which the court granted on the grounds that, as alleged, if true, intervenors' property rights would be adversely affected by the court's final decree.

5. Intervenors' petition alleges, inter alia, that the Chambers' claim to any interest in the subject premises is without merit because:

"(1) Plaintiff is believed to be one of the directors of defendant, Resources International, Ltd.;

"(2) Plaintiff has used inside information concerning the corporate activities of defendant to interfere with the interests of petitioners/intervenors and other creditors;

"(3) The monies which were allegedly lent by plaintiff to defendant were as a general loan and not a specific interest against any specific asset or collateral;

"(4) Plaintiff is a substantial stockholder in de-

fendant and has obtained his ownership without paying legal considerations;

"(5) Plaintiff has been repaid all monies owed to him by defendant and has no interest in the subject leaseholds."

6. That Resources took no exceptions or appeal from the court's final decree of April 17, 1985.

7. That the court scheduled June 19, 1985, for an evidentiary hearing to determine the property rights of intervenors in the subject premises.

8. That two days prior to the scheduled hearing, to wit, June 17, 1985, intervenors filed a motion to continue the June 19, 1985 hearing on the grounds intervenors "would like to engage in discovery procedures with plaintiff (Chambers) as well as to be able to file proper proceedings in this matter so that the case can be properly litigated."

9. The court granted intervenors' petition to continue and scheduled the hearing for August 5, 1985.

10. That intervenors directed a federal marshal to execute on a money judgment against the subject premises obtained on March 30, 1984, in the amount of $822,800 entered by the Federal Court for the Western District of Pennsylvania.

11. On July 9, 1985, this court granted a restraining injunction on petition of Chambers enjoining intervenors from proceeding with execution against the subject premises and the injunction to remain until further order of this court and until this court has the opportunity to determine the various property rights of the litigants pursuant to the petition to intervene filed by intervenors.

12. Than no further action has been taken on the case since July 9, 1985, except a chamber conference to determine the legal issues and the jurisdiction of the trial court.

## DISCUSSION OF FACTS AND CONCLUSIONS OF LAW

Without explanation it clearly appears intervenors' motion to continue the June 19, 1985, evidentiary hearing was merely a facade to circumvent this court's final decree of April 17, 1985. This is so because intervenors petitioned the court to determine their rights and therefore submitted themselves to the general jurisdiction of this court in personam; nonetheless, rather than pursuing their legal remedies as they had petitioned and without notice to the trial court, directed execution against the subject premises via the federal general judgment obtained by them that would render moot any further proceedings in the trial court if consummated. This observation, however, does not resolve the issue.

Invervenors argue we are obliged to give the federal court judgment full faith and credit based on the undisputed fact that Chambers petitioned the Federal District Court to intervene to open the federal judgment, which was denied. An appeal was taken by Chambers to the United States Courts of Appeal, and the matter is still pending.

We have no reservation in stating the dichotomy between the Federal and State Courts requiring full faith and credit in proper cases; however, we do not agree with intervenors that that is the issue. We do grant full faith and credit to the Federal District Court Judgment entered in favor of intervenors; however, the issue before the state court is the rights of Chambers in the subject matter upon which the federal judgment rests. We have already determined that Chambers has an equitable right in the subject premises by our final decree. Effectively, intervenors have submitted themselves to the

state jurisdiction resolution of their property interests as against the claim of Chambers in the subject premises.

We make no attempt to set aside or open the federal court judgment; we do, however, assert the jurisdictional right over the disputed res.

We agree with Chambers the action here is one in rem and not in personam. In such instance the jurisdiction which first attaches in a proceeding in rem retains jurisdiction to the exclusion of the other until final adjudication. Burbridge Foundation v. Reinholdt & Gardner, 496 Fed. 2nd 326, 327-328 (8 Cir. 1974) and First Federal Savings and Loan Association of Puerto Rico v. Gerber, 371 Fed. Supp. 591, 592 (D.P.R. 1973).

Intervenors' acquisition of their federal judgment was an action in personam to obtain their alleged compensation due from drilling the wells on the subject premises from Resources.

Chambers' claim is in rem, founded in equity on allegations that Resources and intervenors have committed a fraud on Chambers. Chambers' statement of facts submitted to the court in his memorandum of law says this:

"On March 30, 1984, Slagle & Almendinger filed suit against Resources International in the United States District Court for the Western District of Pennsylvania seeking a *general judgment* in excess of $10,000 allegedly arising from the breach or anticipatory breach by Resources of various assignment of oil, gas and mineral leases and drilling and completion contracts. On December 21, 1984, the Honorable Glenn E. Mencer entered a *general judgment* against Resources in the sum of $822,800. On the same day, Resources gave to Slagle & Almendinger a note in the principal sum of $229,756.62 and granted to Slagle & Almendinger a

mortgage in Resources' 7/8ths working interest in a certain oil, gas and mineral lease commonly known as Murray Hill Tract 255. The mortgage, recorded in Warren County Mortgage Book 3 at page 304, recited that it was given pursuant to or along with a "stipulation" entered into that day as part of the federal proceedings. Until May of 1985 Mr. Chambers possessed no knowledge of the federal suit or judgment, the mortgage or any stipulation."

Chambers argues that the lawsuit in the Federal District Court was known as a "sweetheart" lawsuit between the parties to the exclusion of Chambers. This is plaintiff's task and burden of proof at time of trial. It is apparent intervenors elected not to stand on their federal judgment but rather requested the assistance of the state court to protect their judgment from the alleged false claim of Chambers. Effectively by so doing intervenors have submitted the issue to the state court to determine the rights of the parties in the res, to wit, the subject premises, upon which intervenors have a judgment and Chambers claims a prior interest therein due to the fraud committed upon him by Resources and intervenors.

We address the Chambers' appeal to the circuit court which is still pending and the effect disposition of the federal circuit court may have in these proceedings. We do not believe we should proceed as we determine we have the right to do so while Chambers' appeal is pending. This gives Chambers an option. Chambers may elect to discontinue the appeal and proceed in the state trial court or be granted a general continuance until the federal appeal court has made final disposition.

## CONCLUSIONS OF LAW

1. The state trial court has jurisdiction over the res, to wit, the Murray Hill Tract 255 situate in

Brokenstraw Township of Warren County and the judicial authority to resolve the dispute between plaintiff, defendant and intervenors.

For the forgoing reasons we enter the following

## DECREE NISI

And now, this September 12, 1985, plaintiff, Joseph W. Chambers, Sr., shall, if he so elects, discontinue his appeal to the Federal Circuit Court for the Western District of Pennsylvania within 10 days from the date hereof; and if plaintiff elects to do so, the trial court will schedule an evidentiary hearing to make final disposition of the parties' respective rights to Murray Hill Tract 255 situate in Brokenstraw Township of Warren County. In the event plaintiff elects not to discontinue his federal appeal, there shall be a general continuance of the trial court's disposition pending adjudication of the federal process.